IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CHRISTOPHER J. HOUSTON,                 §
                                        §
            Movant,                     §
                                        §
V.                                      §          No. 3:16-cv-1776-N-BN
                                        §
UNITED STATES OF AMERICA,               §
                                        §
            Respondent.                 §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Movant Christopher J. Houston, a federal prisoner, filed, through counsel, a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. His action was referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge David C. Godbey. The government filed a response opposing relief. *See* Dkt. No. 7. And, after allowing the parties to file briefs, *see* Dkt. Nos. 8, 9, 10, 11, & 12, this action was stayed and administratively closed pending a decision from the United States Court of Appeals for the Fifth Circuit on whether Texas robbery is a violent felony under the Armed Career Criminal Act ("ACCA"), *see* Dkt. No. 13. The undersigned now enters these findings of fact, conclusions of law, and recommendation that the Court should reopen this action and deny the Section 2255 motion.

**Applicable Background**

After pleading guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), the Court, on April 22, 2013, sentenced Houston to 151 months

of imprisonment, a sentence enhanced under 18 U.S.C. § 924(e) and to run concurrently with any sentences imposed in two then-pending state criminal cases. *See United States v. Houston*, No. 3:11-cr-176-N (01) (N.D. Tex.), Dkt. No. 56. Houston did not appeal.

But, in June 2016, the Court, under 18 U.S.C. § 3006A, appointed the Federal Public Defender for this district to represent Houston in the collateral attack of his sentence under *Samuel Johnson v. United States*, 135 S. Ct. 2551 (2015). *See Houston*, No. 3:11-cr-176-N (01) (N.D. Tex.), Dkt. Nos. 61, 63, 64, & 65.

## Legal Standards

As the United States Supreme Court recounted in *Samuel Johnson*,

> Federal law forbids certain people – such as convicted felons, persons committed to mental institutions, and drug users – to ship, possess, and receive firearms. § 922(g). In general, the law punishes violation of this ban by up to 10 years' imprisonment. § 924(a)(2). But if the violator has three or more earlier convictions for a "serious drug offense" or a "violent felony," the [ACCA] increases his prison term to a minimum of 15 years and a maximum of life. § 924(e)(1); *[Curtis] Johnson v. United States*, 559 U.S. 133, 136 (2010). The Act defines "violent felony" as follows:
>> "any crime punishable by imprisonment for a term exceeding one year ... that –
>> "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>> "(ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*." § 924(e)(2)(B) (emphasis added).
> The closing words of this definition, italicized above, have come to be known as the Act's residual clause.

135 S. Ct. at 2555-56.

In *Samuel Johnson*, the Supreme Court held "that imposing an increased

sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process." *Id.* at 2563. That decision thus "affected the reach of the [ACCA] rather than the judicial procedures by which the statute is applied" and therefore is "a substantive decision and so has retroactive effect under *Teague[ v. Lane*, 489 U.S. 288 (1989),] in cases on collateral review," *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016). But that "decision [did] not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Samuel Johnson*, 135 S. Ct. at 2563.

Therefore, after *Samuel Johnson*, "[a] violent felony is one of a number of enumerated offenses or a felony that 'has an element the use, attempted use, or threatened use of physical force against the person of another.'" *United States v. Moore*, 711 F. App'x 757, 759 (5th Cir. 2017) (per curiam) (quoting 18 U.S.C. § 924(e)(2)(B)); *see, e.g., United States v. Lerma*, 877 F.3d 628, 630 (5th Cir. 2017) ("The government concedes that Lerma's sentence could not have constitutionally rested upon the residual clause in light of *[Samuel] Johnson* and *Welch*" and that "Lerma's prior convictions were not for any of the four enumerated offenses listed in § 924(e)(2)(B)(ii). The only question then is whether Lerma's sentence can be sustained pursuant to the ACCA's force clause. That is, does the crime under the Texas aggravated robbery statute for which Lerma was previously convicted at least three times 'ha[ve] as an element the use, attempted use, or threatened use of physical force against the person of another'?" (quoting Section 924(e)(2)(B)(i))).

Relief under Section 2255 is limited to a claim "that the sentence was imposed

in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); *cf. Zalawadia v. Ashcroft*, 371 F.3d 292, 299 (5th Cir. 2004) ("[U]nlike direct review where the correctness of a court or agency order is comprehensively and directly before the court, a habeas court reviews the correctness of such an order only insofar as it relates to 'detention simpliciter.' In other words, habeas is not shorthand for direct review." (citations omitted)).

A *Samuel Johnson* claim under Section 2255, then, is necessarily that a movant's constitutional right to due process was violated – or that he was sentenced in excess of the maximum authorized by law (for example, that he received a minimum sentence of 15 years under Section 924(e), as opposed to a maximum sentence of 10 years under Section 924(a)(2)) – because he was sentenced under the ACCA's residual clause.

The Fifth Circuit, "join[ing] the majority of [its] sister circuits," has held that a court "must look to the law at the time of sentencing to determine whether a sentence was imposed" in violation of *Samuel Johnson* – that is, it was imposed under the ACCA's residual clause, as opposed to its enumerated offense clause or its force clause. *United States v. Wiese*, 896 F.3d 720, 724 (5th Cir. 2018) (collecting cases).

Generally speaking, a movant "has a burden of sustaining" a contention that he was sentenced in violation of *Samuel Johnson* – like any other contention in a Section 2255 motion – "by a preponderance of the evidence," *United States v. Bondurant*, 689

F.2d 1246, 1251 (5th Cir. 1982) (citing *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)) – that is, "evidence by fifty-one percent, or to the extent of more likely than not," *United States v. Diaz*, 344 F. App'x 36, 43 (5th Cir. 2009) (per curiam) (citation, brackets, and internal quotation marks omitted); *see also Coon v. United States*, 441 F.2d 279, 280 (5th Cir. 1971) ("A movant in a collateral attack upon a judgment has the burden to allege and prove facts which would entitle him to relief."); *United States v. Ellis*, Crim. No. 13-286, 2018 WL 1005886, at *2 (E.D. La. Feb. 21, 2018) ("Ultimately, the petitioner bears the burden of establishing his claims of error by a preponderance of the evidence." (citing *Wright*, 624 F.2d at 558)).

> The Fifth Circuit – again "sid[ing] with the majority of circuits" – recently held
>
> that a prisoner seeking the district court's authorization to file a successive § 2255 petition raising a *[Samuel] Johnson* claim must show that it was more likely than not that he was sentenced under the residual clause. This standard best "comports with the general civil standard for review and with the stringent and limited approach of [the Antiterrorism and Effective Death Penalty Act] to successive habeas applications."

*United States v. Clay*, 921 F.3d 550, 559 (5th Cir. 2019) (quoting *Wiese*, 896 F.3d at 724; citing *Wright*, 624 F.2d at 558). And some circuits have already explicitly expanded application of this preponderance standard to initial Section 2255 motions. *See United States v. Driscoll*, 892 F.3d 1127, 1135 (10th Cir. 2018) ("In *United States v. Washington*, 890 F.3d 891, 896 (10th Cir. 2018), we adopted *Beeman*'s articulation of a § 2255 movant's burden in a slightly different context. We now further adopt *Beeman[ v. United States*, 871 F.3d 1215 (11th Cir. 2017)]'s 'more likely than not' burden of proof here, at the merits stage of a first § 2255 challenge. Consequently,

Driscoll must prove that the sentencing court, more likely than not, relied on the residual clause to enhance his sentence under the ACCA. Driscoll meets this burden. The sentencing record is ambiguous as to whether the sentencing court relied on the residual clause to enhance Driscoll's sentence, which favors neither Driscoll nor the government. But, after a review of the relevant background legal environment, we conclude that the sentencing court must have relied on the residual clause, as any reliance on the enumerated offenses clause would have violated *Taylor[ v. United States*, 495 U.S. 575 (1990)]. Thus, Driscoll has adequately shown it is more likely than not that the sentencing court relied on the residual clause to enhance his sentence." (footnote omitted)); *Garcia-Hernandez v. United States*, 915 F.3d 558, 560 (8th Cir. 2019) ("*Walker*'s principles govern here, at the merits stage of an initial 2255 motion. Garcia-Hernandez must 'show by a preponderance of the evidence that the residual clause led the sentencing court to apply the ACCA enhancement.'" (quoting *Walker v. United States*, 900 F.3d 1012, 1015 (8th Cir. 2018))).[1]

A true *Samuel Johnson* claim alone does not, however, entitle its movant to relief. Instead, that sentencing error, on collateral review, only entitles a movant to

---

[1] *See also Cooks v. United States*, No. 3:16-cv-1773-G-BN, 2019 WL 1793011, at *8 (N.D. Tex. Mar. 22, 2019) ("[R]egardless whether the Court is addressing its jurisdiction to consider the merits of a successive motion, an affirmative defense to a motion (such as limitations under 28 U.S.C. § 2255(f)), or the merits of the motion[,] at the outset, the Court must determine whether the right recognized in *Samuel Johnson* truly is at issue – that is, whether the violent felony at issue qualified as a predicate conviction toward the movant's ACCA sentencing enhancement under the now-invalidated residual clause."), *rec. adopted*, 2019 WL 1789904 (N.D. Tex. Apr. 24, 2019).

relief if the error "'had substantial and injurious effect or influence in determining' [the movant's] sentence." *Driscoll*, 892 F.3d at 1132 (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 638 (1993)); *see, e.g., id.* ("First, we determine whether the sentencing court erred by relying on the residual clause to enhance Driscoll's sentence. Second, if the sentencing court erred, we determine whether that error 'had substantial and injurious effect or influence in determining' Driscoll's sentence." (citation omitted); *Hrobowski v. United States*, 904 F.3d 566, 569 (7th Cir. 2018) ("[A] prisoner who was sentenced under the unconstitutional residual clause can move to vacate his sentence, as long as the error affected his sentence." (citation omitted)); *see also United States v. Chavez*, 193 F.3d 375, 379 (5th Cir. 1999) (applying *Brecht* in a Section 2255 proceeding).

Under *Brecht*, "certain 'structural' errors," *Ellis*, 2018 WL 1005886, at *2 (quoting *Brecht*, 507 U.S. at 629-30) – defined as "defects in the constitution of the trial mechanism," such as "deprivation of the right to counsel," *Brecht*, at 629 – entitle a movant to automatic relief "once the error is proved. For other 'trial' errors, the court may grant relief only if the error 'had substantial and injurious effect or influence' in determining the outcome of the case." *Ellis*, 2018 WL 1005886, at *2 (citing *Brecht*, 507 U.S. at 629-30; then quoting *id.* at 637-38). So, even if there is true *Samuel Johnson* sentencing error, if a movant "has three predicate convictions to support his enhanced sentence as an armed career criminal under the ACCA," he is not entitled to relief. *Driscoll*, 892 F.3d at 1135-36; *see also Chavez*, 193 F.3d at 379 ("Under this standard, habeas petitioners may obtain plenary review of their constitutional claims, but they are not entitled to habeas relief based on trial error unless they can establish that it

resulted in actual prejudice.").

At this stage, the Court may consider the impact of applicable statutory-interpretation decisions handed down after a movant's sentencing, such as *Mathis v. United States*, 136 S. Ct. 2243 (2016). *See, e.g.*, *United States v. Lewis*, 904 F.3d 867, 873 (10th Cir. 2018) ("*Mathis* and other current, post-sentence cases are only applicable at the harmless error stage of review, once the movant has established the existence of *[Samuel] Johnson* error."); *accord Driscoll*, 892 F.3d at 1136-37; *see also Van Cannon v. United States*, 890 F.3d 656, 661-62 (7th Cir. 2018) (where "[t]he government confessed the *[Samuel] Johnson* error," "[t]he only remaining dispute concerned the question of prejudice," and during that dispute, a movant is "entitled to show that under current caselaw, one or more of [his] remaining predicates could not be counted" (citation omitted)); *but see United States v. Peppers*, 899 F.3d 211, 230, 236 (3d Cir. 2018) (holding "that, once a defendant has satisfied § 2255(h)'s gatekeeping requirements by relying on *[Samuel] Johnson*, he may use post-sentencing cases such as *Mathis*, *Descamps[ v. United States*, 570 U.S. 254 (2013)], and *[Curtis Johnson]* to support his *[Samuel] Johnson* claim because they are Supreme Court cases that ensure we correctly apply the ACCA's provisions," but then remanding to the district court to resolve whether the error was harmless under *Brecht*).

## Analysis

Houston was convicted of being a felon in possession and determined by the PSR to be an armed career criminal with a base offense level of 33 and a guidelines range the lower end of which was above the 180-month statutory minimum imposed by the

ACCA. But a motion filed by the government allowed the Court to depart below the statutory minimum, resulting in Houston's 151-month sentence. And the government has conceded in this proceeding that, "[s]hould the Court determine that any of Houston's ACCA predicates is not a qualifying predicate offense under the ACCA," he

> would be entitled to relief. While it is true that he was sentenced beneath the ACCA's statutory minimum of 15 years (180 months), his sentence of 151 months is still in excess of the statutory maximum of 10 years (120 months) that would apply if he were not ACCA eligible. *See* 18 U.S.C. § 922(a)(2) (providing penalty of not more than 10 years for violations of Section 922(g)).

Dkt. No. 9 at 4.

The PSR specified that the three earlier violent-felony convictions – all in Texas state courts – qualifying Houston for an ACCA enhancement were: (1) his conviction for aggravated assault of a peace officer, *see Houston*, No. 3:11-cr-176-N (01) (N.D. Tex.), Dkt. No. 39-1 (the "PSR"), ¶ 31; (2) his conviction for robbery, *see id.*, ¶ 32; and (3) his conviction for aggravated assault – serious bodily injury, *see id.*, ¶ 33; *see also id.* at 18-52 (indictments, judgments, and judicial confessions applicable to these state convictions); *Shepard v. United States*, 544 U.S. 13 (2005).

As to the two aggravated assaults, Houston has not shown that, when he was sentenced in April 2013, the Court more likely than not relied on the residual clause to find these convictions to be ACCA predicates. Instead, it is more likely than not that the Court found these convictions applicable under Section 924(e)(2)(B)(i) – the ACCA's force clause. Houston has therefore not shown a true *Samuel Johnson* claim based on these convictions.

First, the Fifth Circuit had found, prior to Houston's sentencing, that "the offense of [Texas] aggravated assault ... require[s] proof of the use or threat of use of physical force." *United States v. Martinez*, 962 F.2d 1161, 1168-69 (5th Cir. 1992) (footnote omitted); *see also United States v. Shelton*, 325 F.3d 553, 561 (5th Cir. 2003) (holding that, because Texas "misdemeanor assault requires bodily injury it includes as an element the use of physical force"). Moreover, the *Shepard* documents supporting these convictions, attached to the PSR, further show that each aggravated assault involved the use of physical force. *See* Dkt. No. 39-1 at 28 (indictment alleging that Houston hit the peace officer in the face with his fist); *id.* at 45 (indictment alleging that Houston hit and kicked complainant and struck complainant's head against an object, causing his death).

And, even if Houston had shown a true *Samuel Johnson* claim based on the aggravated assault predicates, he would not be entitled to relief, as there is no prejudice because "Texas aggravated assault convictions are still viewed as crimes of violence under the force clause." *Monroe v. United States*, No. 3:16-cv-1693-G-BK, 2019 WL 1930139, at *3 (N.D. Tex. Apr. 9, 2019) (citing *United States v. Gomez Gomez*, 917 F.3d 332, 334 (5th Cir. 2019) (which relied on *United States v. Reyes-Contreras*, 910 F.3d 169 (5th Cir. 2018) (en banc), to "recognize, consistent with the Supreme Court's decision in *United States v. Castleman*, 572 U.S. 157, 162-68 (2014), that the 'use of force' under 18 U.S.C. § 16(a) incorporates the common-law definition of force – and thus includes indirect as well as direct applications of force"); *Bivins v. United States*, No. 3:16-cv-1697-D-BK, 2019 WL 360538, at *2 (N.D. Tex. Jan. 9, 2019) (collecting

cases applying *Brecht* harmless error analysis to initial and successive *Samuel Johnson*-based Section 2255 motions and assessing prejudice based on current law), *rec. adopted*, 2019 WL 358509, at *1 (N.D. Tex. Jan. 29, 2019)).

As to the Texas-robbery-by-injury predicate, the initial – subsequently withdrawn – panel decision in *United States v. Burris*, 896 F.3d 320 (5th Cir. 2018), documented the legal background that would have been relevant to determining which clause of the ACCA – elements (or force) or residual – would have applied when Houston was sentenced in 2013. *Compare Houston*, No. 3:11-cr-176-N (01) (N.D. Tex.), Dkt. No. 39-1 at 30-44 (applicable state conviction documents before the sentencing court reflecting a second-degree robbery by force, during which Houston struck complainant with his hand, but which included no deadly-weapon finding), *with Burris*, 896 F.3d at 328 (highlighting the Supreme Court's 2010 *Curtis Johnson* decision, *see* 559 U.S. 133, and a 1989 en banc decision of the Texas Court of Criminal Appeals, *Lane v. State*, 767 S.W.2d 785 (Tex. Crim. App. 1989) (en banc), to find that, "[e]ven if the government is correct that *[United States v. Vargas-Duran*, 356 F.3d 598 (5th Cir. 2004) (en banc)] and its line of cases no longer control, we nevertheless reverse because there are other examples[ – all of which would have been part of the relevant background legal environment when Houston received his ACCA-enhanced sentence – ]of how a person may cause injury without using physical force").

But, to be very clear, even if this predicate gives rise to a true *Samuel Johnson* claim – based on the legal background that existed when Houston was sentenced in April 2013 – Houston, again, cannot show prejudice under *Brecht* because the current

law in this circuit – as laid out in the recent panel decision in *United States v. Burris*, 920 F.3d 942 (5th Cir. 2019), entered after considering the en banc decision in *Reyes-Contreras* and *Stokeling v. United States*, 139 S. Ct. 544 (2019) – is "that robbery under Texas Penal Code § 29.02(a) requires the 'use, attempted use, or threatened use of physical force,'" *Burris*, 920 F.3d at 945, making such a conviction a predicate under the ACCA's elements/force clause.

Houston has therefore not shown that any *Samuel Johnson* sentencing error has resulted in prejudice by showing that there are no longer three predicate convictions for a violent felony under either the ACCA's enumerated offenses clause or its elements/force clause.

### Recommendation

The Court should reopen this administratively-closed action and deny Movant Christopher J. Houston's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by

reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 21, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE